UNITED STATES v. 164 8/100 PROOF GALLONS OF DISTILLED SPIRITS.

(District Court, S. D. Ohio. W. D. June 30, 1897.)

INTERNAL REVENUE—FORFEITURE PROCEEDINGS—PRODUCTION OF BOOKS AND PAPERS.

In a proceeding for forfeiture, based on a charge of fraud in violation of the internal revenue laws, the government will not be required, on motion of an intervening claimant, to produce, for the inspection of such claimant, all books and writings in its possession containing evidence pertinent to the issues; nor to produce or furnish copies of the original measurements of the packages containing the goods in question, such measurements being

on file in the office of a collector of internal revenue outside the district where the proceeding is pending.

Harlan Cleveland, for the United States.

Sidney G. Stricker, for claimant.

SAGE, District Judge. This case is before the court on motion to require the government, before trial, to produce to the attorney for the intervening petitioner any and all books or writings in its possession or power, which contain: First, evidence pertinent to the issues, —that is to say, any and all reports or returns of the gaugers who gauged and inspected the brandy in question; second, any and all reports or returns made by the distillers or wholesale liquor dealers in whose possession or control said brandy has ever been; third, any and all writings or correspondence or copies thereof between any of the parties who may have had any connection with the removal or shipment of said brandy. The demand is as sweeping and comprehensive as it could be made, and, if sanctioned by the order of the court, would compel the government to submit its entire evidence to the inspection and examination of counsel for the defendant in advance of the trial, which, in a proceeding for forfeiture based upon a charge of fraud in violation of the internal revenue laws of the United States, ought not to be allowed. But in the brief of counsel for the intervener the demand is modified to "seeking a discovery of the original measurements of the packages, the only existing evidence of which is the return of the gauger under form $59\frac{1}{2}$ as made to the revenue department, which is in its exclusive possession and control, and which can be reached by no other process than this motion." The intervener is a wholesale liquor dealer, who claims to have purchased the packages from the distillers. But the United States attorney has not in his possession these original measurements. They are technically, it is true, in the possession of the government, that is to say, of the internal revenue department, but they are on file in the state and district where the brandy was distilled, and the intervener is entitled, upon application, to an inspection, or to a certified copy of them. It is not the duty or province of the government to transport the originals here for the convenience of the intervener and his counsel, or to procure certified copies for that purpose. The originals are in the proper custody directed by the law, but not within this jurisdiction. If the intervener wishes to inspect them, he will have to make his application there, or procure from the collector of the proper district certified copies. The motion will be overruled.